IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| STEVE RIDDICK, )  | |
| A.K.A. STEVEN RIDDICK, ) | CASE NO. 7:20CV00561 |
| Plaintiff, ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| WARDEN JEFFERY KISER, et al., ) | By: Hon. Glen E. Conrad |
| Defendants. ) | Senior United States District Judge |

Steve Riddick, a Virginia inmate proceeding pro se, filed this civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that he has repeatedly been served meals on damaged trays. The court required Riddick to comply with filing prerequisites, which he has done. See 28 U.S.C. § 1915(b). Upon review of the record, the court concludes that Riddick's complaint must be summarily dismissed without prejudice for failure to state a claim.

Liberally construed, Riddick's complaint alleges that starting in June 2019, officials at Red Onion State Prison ("Red Onion") have often served his meals in "badly damaged trays" once or twice per day. Compl. 1, ECF No. 1. Holes and cracks in the trays or tray covers allegedly prevented these devices from protecting the food on the trays. The damaged trays were depressing to Riddick and made him feel "less than an human being." Id. at 3. Riddick allegedly notified the defendants (various Red Onion officials) of the problem. Yet, he has continued to receive his meals on damaged trays at times. Fears that his food would be tainted or that he would be falsely charged for damaging a tray has made him "anxious & paranoid & depressed." Id. at 4. As relief in this case, Riddick seeks monetary damages.

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. See Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). The court must dismiss a prisoner's § 1983 action about prison conditions "if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." 42 U.S.C. § 1997e(c)(1). To state an actionable claim, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The court construes Riddick's allegations as arising, if at all, under the Eighth Amendment, which protects prisoners from cruel and unusual living conditions.[*] Rhodes v. Chapman, 452 U.S. 337, 347 (1981). "[T]he Constitution does not mandate comfortable prisons," however, and conditions that are "restrictive and even harsh . . . are part of the penalty that criminal offenders pay for their offenses against society." Id. at 347-49. It is well established that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." Wilson v. Seiter, 501 U.S. 294, 297 (1991). To sustain an unconstitutional living conditions claim, a prisoner must show that: (1) objectively, the deprivation was sufficiently serious, in that the challenged official acts caused the denial of "the minimal civilized measure of life's necessities"; and (2) subjectively, the defendant prison officials acted with "deliberate indifference to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). The prisoner must show "significant physical or emotional harm, or a grave risk of such harm," resulting from the challenged conditions. Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995).

---

[*] Riddick asserts that the defendants also "den[ied him] due process by not assuring that food service isn't putting [his] food on damaged trays." Compl. at 6. Riddick does not state facts indicating that he has any separate, constitutionally protected liberty or property interest related to food trays, however, so his allegations here do not implicate federal due process protections. See Prieto v. Clarke, 780 F.3d 245, 248 (4th Cir. 2015)).

2

Riddick's complaint does not allege that he has been denied any of life's necessities. Nor does he state facts on which he could show that he has suffered, or is likely to suffer, <u>serious</u> physical or mental harm caused by allegedly receiving his meals on damaged trays on some occasions. Therefore, the court concludes that the complaint fails to state any constitutional deprivation actionable under § 1983 and must be summarily dismissed without prejudice. An appropriate order will issue this day. The clerk will send plaintiff a copy of this memorandum opinion and the accompanying order.

**ENTER**: This 29th day of January, 2021.

_____
Senior United States District Judge